UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

REESE LEVI KEITH,                          )
                                           )
                 Plaintiff,                )
                                           )
          v.                               )        No. 2:25-cv-00518-JPH-MG
                                           )
MCNEELY,                                   )
                                           )
                 Defendant.                )

## ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

Plaintiff Reese Keith is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil action alleging that he has received ineffective mental health care. Because Mr. Keith is incarcerated, this Court must screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Keith's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Keith names one defendant, mental health therapist Abby L. McNeely, and seeks monetary damages and "court assistance in getting proper mental health care."

According to his complaint, Mr. Keith began speaking with family members in June 2024 about his struggles with mental health issues. He experiences nightmares, anxiety, fatigue, difficulty focusing, and depression. They encouraged him to speak with a doctor about possibly getting on an anti-depressant.

Mr. Keith agreed to seek mental health treatment, and he began seeing Ms. McNeely in August 2024. Ms. McNeely did not take Mr. Keith's struggles seriously. She was dismissive, failed to record in her notes his concerns about suicidality, laughed about him with coworkers, and gossiped with others that he was trying to obtain Prozac. Mr. Keith has asked to be assigned to a different therapist, but he continues to be seen by Ms. McNeely.

### III. Discussion of Claims

Based on the allegations in the complaint, an Eighth Amendment deliberate indifference claim **shall proceed** against Ms. McNeely.

This is the only claim identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 22, 2026,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to update the docket to reflect the defendant's name is Abby L. McNeely.

### IV. Conclusion and Service of Process

An Eighth Amendment deliberate indifference claim shall proceed against the defendant.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Abby McNeely in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], exhibits, dkt. [1-2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Ms. McNeely, understood to be a Centurion employee, electronically. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the last known home address of Ms. McNeely is she does not waive service if they have such information. If Ms. McNeely is employed by another company besides

3

Centurion, Centurion shall provide the name of her employer to the Court. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/6/2026                        _James Patrick Hanlon_
                                      James Patrick Hanlon
                                      United States District Judge
                                      Southern District of Indiana

Distribution:

REESE LEVI KEITH
220066
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Electronic service to Centurion
        Abby L. McNeely

4